UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :        **PROTECTIVE ORDER**
                                  :
         - v. -                   :        21 Cr. 577 (PKC)
                                  :
MAY SALEHI,                       :
                                  :
              Defendant.          :
                                  :
- - - - - - - - - - - - - - - - - x

THE HONORABLE P. KEVIN CASTEL, District Judge:

      WHEREAS the United States of America intends to produce to the defendant in the above-captioned matter in unredacted form certain documents that may contain sensitive procurement information, including proprietary information and sensitive, non-public, corporate financial information; and

      WHEREAS the Government desires to protect the confidentiality of the above-referenced materials, and for good cause shown;

      IT IS HEREBY ORDERED:

      1. Materials produced by the Government to the defendant and her counsel (collectively, "the defense") that are either (1) designated in whole or in part as "Confidential" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material."

2.   Confidential Material disclosed to the defense during the course of proceedings in this action:

(a)   shall be used by the defense only for purposes of this action;

(b)   shall be maintained in a safe and secure manner solely by the defendant's counsel; shall not be possessed by the defendant, except in the presence of the defendant's counsel; and shall not be disclosed in any form by the defense except as set forth in paragraph 2(d) below;

(c)   as to any copies created of Confidential Material, they are to be treated as originals and safeguarded against dissemination in the same way;

(d)   may be disclosed only by the defendant's counsel and only to the following persons (hereinafter "Designated Persons"):

(i)   secretarial, clerical, paralegal, investigative, and student personnel, or any interpreter or translator, employed full-time or part-time by the defendant's counsel;

(ii)   independent expert witnesses, investigators, or advisors retained by

2

the defendant or on her behalf in connection with this action;

   (iii) prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for preparation for any hearing, trial, sentencing, or related court proceeding; and

   (iv) such other persons as hereafter may be authorized by the Government or by order issued by the Court upon a motion by the defendant; and

  (e) shall be either (i) returned to the Government following the conclusion of this case, including any appeals, within 30 days of the conclusion of the appeal, or of the expiration of the period for direct appeal from any verdict in the case; the period of direct appeal from any order dismissing any of the charges in the case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, together with any and all copies thereof; (ii) destroyed together with any and all copies thereof, with defendant's counsel verifying in writing to the Government that such destruction has taken place; or (iii) maintained by defense counsel as required by counsel's duties and

responsibilities as counsel, as the case may be, provided that defendant's counsel maintain the Confidential Material in accordance with Paragraph 2(b).

3.     The defendant and her counsel shall provide a copy of this Order to Designated Persons to whom Confidential Material is disclosed pursuant to paragraph 2(d). Designated Persons shall be subject to the terms of this Order.

4.     The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in this action, or any appeal therefrom, or to any judge or magistrate judge of this Court for purposes of this action, or any appeal therefrom, or to the Probation Office in connection with the sentencing process.

5.     With respect to Confidential Material, any filings with any court shall be governed by Rule 49.1 of the Federal Rules of Criminal Procedure.

6.     This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

7.     The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of

the case.

8. Nothing in this Order shall preclude or otherwise prejudice defense counsel from challenging the Government's designation of any material as Confidential and seeking the Court's permission to treat such material as if it had not been so designated. While any such application is pending with the Court, defense counsel will continue to treat the material at issue as Confidential under the terms of this Order.

Dated:    New York, New York
          November 11, 2021

AGREED AND CONSENTED TO:

                              DAMIAN WILLIAMS
                              UNITED STATES ATTORNEY

                    By:
                              _____/s/_____
                              Michael D. Neff/Louis A. Pellegrino
                              Assistant United States Attorneys


                              _____/s/_____
                              Jonathan N. Halpern, Esq.
                              Counsel for May Salehi

SO ORDERED:

Dated:    New York, New York
          November 15, 2021


                              _____
                              P. Kevin Castel
                              United States District Judge