```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
UNITED STATES OF AMERICA            :
                                    :
                                    :
             -v-                    :    21-cr-577 (JSR)
                                    :
MAY SALEHI,                         :    MEMORANDUM ORDER
                                    :
             Defendant.             :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

By bottom-line order dated April 21, 2022, the Court denied the motion of defendant May Salehi to alter the $500,000 fine imposed by the Court on April 8, 2022. ECF No. 28. This brief memorandum order explains the reasons for that ruling.

The defense requests that the Court modify Salehi's sentence under Fed. R. Crim. P. 35(a), arguing that the Court's sentence resulted from "clear error" because the Court imposed a $500,000 fine that exceeds the statutory maximum fine of $250,000. See Fed. R. Crim. P. 35(a) ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."); see also United States v. Abreu-Cabrera, 64 F.3d 67, 72 (2d Cir. 1995) (stating that 35(a) is "not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or *for the court simply to change its mind about the appropriateness of the*

*sentence*" (quoting Fed. R. Crim P. 35 Advisory Committee's Note) (emphasis in original)). The Government argues that there is no clear error in the Court's imposition of a $500,000 fine because the maximum fine is *either* $250,000, see 18 U.S.C. § 3571(b)(3), *or* twice the gross pecuniary gain or loss resulting from the offense, see 18 U.S.C. § 3571(d).

In her plea agreement, Salehi stipulated to a gain or loss amount under the U.S. Sentencing Guidelines of between $550,000 and $1,500,000. Furthermore, Salehi agreed in her plea agreement to a maximum fine that was "the greatest" of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to others resulting from the offense. Under any fair analysis, the gain or loss amount was considerably greater than $250,000. Accordingly, the $500,000 fine imposed by the Court was warranted under 18 U.S.C. § 3571(d) and the defendant's motion to alter the fine is hereby denied.

SO ORDERED.

Dated:  New York, NY
        April 27, 2022

_____
JED S. RAKOFF, U.S.D.J.